UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TOOLEY,<br>an individual,<br><br>            Plaintiff,<br>vs.<br><br>SAMIR LLC,<br>an Indiana Limited Liability Company,<br><br>            Defendant. | CASE NO.: 1:18-cv-01810 |

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues SAMIR LLC, an Indiana Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, SAMIR LLC, (hereinafter referred to as "Defendant"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the real property and improvements, which are the subjects of this action, to wit: the "Property" generally located at 2151 N. Morton Street, Franklin, IN 46131. Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Defendant's Property, which includes several chain restaurants and a gas station, is open to the public and provides goods and services to the public.

10. Plaintiff MR. TOOLEY has visited the Property numerous times over the past year and attempted to utilize the goods and services offered at the Property. MR. TOOLEY plans to return to the Property in the near future.

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

11. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

12. MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

13. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

    A. Plaintiff encountered an inaccessible parking lot at the Defendant's Property. While the lot contains over fifty (50) standard use parking spaces, it lacks any parking spaces designated for disabled use. Specifically, none of the parking spaces in the lot are designated with blue line markings, there are no disabled use signs and there are no large parking spaces with adjacent access aisles for disabled use.

    B. Plaintiff encountered inaccessible curb ramps from the parking lot to the property sidewalk due to placement of ramps directly in front of vehicle parking spaces where they are generally obstructed by parked cars in those spaces.

    C. Plaintiff also encountered narrow sidewalks that are obstructed by barricades which divide the sidewalk in half. Additionally, the sidewalk is

further obstructed when vehicles pull up too far due to improper placement of the parking space wheel stops too close to the sidewalk.

14. Plaintiff has visited the entire public premises described herein and encountered numerous barriers throughout.

15. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.       That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D.       That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.       That the Court award such other and further relief as it deems necessary, just and proper.

Dated: June 13, 2018.

Respectfully Submitted,

By:      *Louis I. Mussman*            .
         Louis I. Mussman, Esq.
         Bar No. 597155
         Ku & Mussman, P.A.
         18501 Pines Blvd, Suite 209-A
         Pembroke Pines, FL 33029
         Tel: (305) 891-1322
         Fax: (305) 891-4512
         Louis@KuMussman.com

         and

         Eric C. Bohnet, Esq.
         Attorney No. 24761-84
         Attorney at Law
         6617 Southern Cross Drive
         Indianapolis, Indiana  46237
         Tel: (317) 750-8503
         ebohnet@gmail.com